IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01752-RMR-CYC

HUIYOU XIE,

      Plaintiff,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary, United States Department of
Homeland Security;
JOSEPH B. EDLOW, in his official capacity as Director, United States Citizenship and
Immigration Services;
ROBERT MATHER, in his official capacity as District Director, United States Citizenship and
Immigration Services; and
ANDREW LAMBRECHT, in his official capacity as Field Office Director, Denver Field Office,
United States Citizenship and Immigration Services,

      Defendants.

---

**ORDER GRANTING MOTION FOR APPOINTMENT OF NEXT FRIEND**

---

Before the Court is non-party Jin Huang's Motion for Appointment of Next Friend

("Motion"). ECF No. 16. Ms. Huang is plaintiff Huiyou Xie's daughter and caregiver. *Id* at 1.

Ms. Huang requests to be appointed next friend under the Federal Rules of Civil Procedure in

this action to compel the adjudication of her mother's application for naturalization. *Id.* For the

reasons that follow, the Motion is **GRANTED**.

The Motion is unopposed, but the defendants "reserve their rights to contest factual issues

identified in the Motion to the extent those issues bear on the merits of this proceeding or

Plaintiff's naturalization application." *Id.* at 1. Because the defendants do not challenge the facts

alleged by Ms. Huang here, the Court accepts them as true for the purposes of this Motion,

though it does not intend for these findings to be binding in other aspects of this case.

Under the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id.* An "incompetent person" under Rule 17(c) refers "to a person without the capacity to litigate under the law of his state of domicile[.]" *Graham v. Teller Cnty.*, 632 F. App'x 461, 465 (10th Cir. 2015) (quoting *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990)).

"Under Colorado law, a party is incompetent—thus requiring the appointment of a guardian ad litem or other appropriate order—if he or she meets Colorado's statutory definition of mental incompetence or is 'mentally impaired to the degree of being incapable of effectively participating in a legal proceeding and thus needs the assistance of a fiduciary representative." *Id.* (quoting *People in Interest of M.M.*, 726 P.2d 1108, 1117 (Colo. 1986)); *see also Eberhadt v. City of Greeley*, No. 22-cv-03032-WJM-SBP, 2024 WL 3416626, at *4 (D. Colo. May 28, 2024) (recognizing that Colorado courts have discretion "to appoint a guardian ad litem for a litigant when the court is reasonably convinced that the party is not mentally competent to effectively participate in the proceeding").

The Court is satisfied that the plaintiff is "mentally impaired to the degree of being incapable of effectively participating in a legal proceeding" and, therefore, the appointment of her daughter as next friend is appropriate. *Graham*, 632 F. App'x at 465. The plaintiff is an 81-year-old woman who, according to her doctor, suffers from Cognitive Impairment. ECF No. 16-1; ECF No. 16-4 at 2. Cognitive Impairment "is an acquired disorder that causes permanent intellectual disability," causing a person to "lose[] the ability to think, remember, learn and solve problems, in varying degrees." ECF No. 16-4 at 2.

As part of her naturalization application process, the plaintiff was assessed by her doctor on three tests of cognitive impairment: the Folstein Mini-Mental Status Exam, the VAMC SLUMS Examination, and the Lewton Instrumental Activities of Daily Living ("ADL") Scale. ECF No. 16, ¶¶ 5–10. The plaintiff scored an 11 out of 30 on the Folstein Mini-Mental Status Exam, indicating "cognitive impairment consistent with the middle stage of dementia." *Id.* ¶ 8. She scored an eight out of 30 on VAC SLUMS Examination, also indicating dementia. *Id.* ¶ 9. And she scored only one out of eight on the ADL Scale, demonstrating that she "is unable to care for herself." *Id.* ¶ 10. Based on these results, the plaintiff's doctor concluded that she suffers from "severe cognitive impairment," is unable to "learn[ ] new information effectively or retriev[e] it later," and "is only able to perform simple daily activities." ECF No. 16-4 at 7–8.

Ms. Huang separately attests, under the penalty of perjury, that her mother "cannot live on her own," ECF No. 16-3 ¶ 9, "has difficulty hearing and [ ] communicating," and "generally does not understand what is going on." *Id.* ¶ 7.

Accordingly, it is **ORDERED** that the Motion for Appointment of Next Friend, ECF No. 16, is **GRANTED**. The Court appoints Ms. Jin Huang as next friend to the plaintiff for this civil action.

Dated: June 24, 2026                                BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge