IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01752-RMR-CYC

HUIYOU XIE,

Plaintiff,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary, United States Department of Homeland Security;
JOSEPH B. EDLOW, in his official capacity as Director, United States Citizenship and Immigration Services;
RALPH MCCLURE[1], in his official capacity as District Director, United States Citizenship and Immigration Services; and
EVA RUPP[2], in her official capacity as Field Office Director, Denver Field Office, United States Citizenship and Immigration Services,

Defendants.

---

**ORDER GRANTING MOTION FOR STAY**

---

Before the Court is the defendants' Motion to Stay Defendants' Deadline to Respond to Plaintiff's Motion for Sanctions. ECF No. 27. Upon review of the briefing, ECF Nos. 27, 30, 31, the motion is **GRANTED** for the reasons that follow.

This is an action brought by the plaintiff to compel the United States Citizenship and Immigration Services to adjudicate her application for citizenship pursuant to 8 U.S.C. § 1446(c). ECF No. 1. The defendants' subsequently filed their Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, Remand, ECF No. 19. The plaintiff responded, ECF No. 23, and also filed Plaintiff's Motion for Sanctions, ECF No. 25, arguing that the defendants'

[1] Per Fed. R. Civ. P. 25(d), Ralph McClure is automatically substituted as a defendant.
[2] Per Fed. R. Civ. P. 25(d), Eva Rupp is automatically substituted as a defendant.

"continued advocacy of the assertion that this Court does not have jurisdiction" lacks a good faith legal basis and is being presented for an improper purpose, violating Fed. R. Civ. P. 11(b). *Id.* at 2. The defendants then filed the instant motion "to stay their deadline to respond to Plaintiff's Motion for Sanctions [ ] pending resolution of their fully briefed Motion to Dismiss [ ]. ECF No. 27 at 1.

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Federal Rule of Civil Procedure 6(b)(1)(A) permits a court, on timely motion from a party, to "extend the time" in which the party must act "for good cause." "Showing good cause is not a particularly demanding requirement." *Landry v. Swire Oilfield Servs., LLC.*, 323 F.R.D. 360, 396 (D.N.M. 2018).

Under the Local Rules, a party ordinarily has 21 days after the date of service to respond to a motion. D.C.COLO.LCivR 7.1(d). Here, the plaintiff filed her motion for sanctions on August 14, 2026, ECF No. 25, and the defendants filed the instant motion on September 3. ECF No. 27. The motion therefore is timely and the defendants only need to show good cause to warrant an extension of time.

The defendants have made that showing. The crux of their argument is that the resolution of the plaintiff's motion for sanctions will necessarily depend on the resolution of the defendants' motion to dismiss, and therefore, resolving the motion to dismiss before the parties finish briefing on the motion for sanctions will "promote judicial efficiency." ECF No. 27 at 4. This argument has merit. If the motion to dismiss is granted, the motion for sanctions will invariably be denied because the defendants' underlying legal position will have been found correct. But if the motion to dismiss is denied, the parties' remaining briefing on the motion for

sanctions will be substantially informed by the Court's analysis of the defendants' jurisdictional arguments. This will create a better, more focused record upon which to decide the motion for sanctions. This benefit more than outweighs the plaintiff's concern that disposing of the motions sequentially will be less efficient than doing so simultaneously. *See* ECF No. 30 at 9.

Furthermore, no party will suffer any prejudice from a stay of the deadline. The parties already consented to a stay of discovery while the motion to dismiss is pending. *See* ECF No. 13. If that motion is decided in the plaintiff's favor, the outstanding briefing on the motion for sanctions will proceed apace with discovery. And the relief that the plaintiff seeks in no way depends on the sanctions litigation. In other words, contrary to the plaintiff's response, ECF No. 30 at 1, granting the requested stay will not delay the adjudication of the plaintiff's underlying claim whatsoever. The rate-limiting step is the resolution of the motion to dismiss.

The plaintiff's argument that the instant motion is brought in bad faith is misguided. *Id.* at 6. Her argument presupposes that the defendants' have no legitimate basis for asserting their jurisdictional argument in the motion to dismiss, and therefore, no grounds to oppose the sanctions' motion or to seek a stay of briefing. But those issues have yet to be determined. And for the reasons discussed, granting a stay will not delay the adjudication of her claim or any award of the relief she seeks in the underlying lawsuit.

To alleviate the plaintiff's concern about granting an indefinite stay, *see id.* at 7, the defendant will have 21 days from the disposition of the motion to dismiss to file their response to the motion for sanctions, and the plaintiff will have 14 days from the date of service of the response to file any reply brief. This briefing schedule does not in any way dictate the timeline for the next steps in the underlying litigation should the motion to dismiss be denied.

Dated: September 23, 2026

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge